Ireland, Respondent, vs. Tomahawk Light, Telephone & Improvement Company, Appellant.

*September 16—December 9, 1924.*

*Brokers: Licenses: Property of public utility as real estate: Pleading: Demurrer reaching back: Verdict: Presumption that jury was unanimous: Weight on appeal.*

1. Under the principle that a demurrer to a pleading reaches back to the first pleading that is defective in substance, where defendant, after alleging in his counterclaim only defensive matters that had been alleged in the answer, demurred to plaintiff's reply, the demurrer reached back to test the correctness of the counterclaim. p. 150.

2. A question as to the correctness of an instruction will not be considered where raised on the theory that the case was tried under the five-sixths jury law, when the case was tried in November, 1922, and such law did not become operative until May 16, 1923.   p. 150.

3. In the absence of a showing that a verdict was not unanimous, this court on appeal will presume it to have been.   p. 151.

4. The plant, real estate, and equipment of a public utility constitute personal property because they are incidents of the franchise, which is the principal thing; and the fact that when a sale of the property as an entirety is effected a deed of conveyance is or may be used to convey the real estate, is immaterial.   [Whether a deed is necessary in such a case is not decided.]   p. 151.

5. The sale of a public utility being considered as a sale of personal property, a broker who was employed to sell the utility did not come under the provisions of sec. 136.01, Stats. 1923.   p. 152.

6. A verdict rendered on sharply conflicting evidence and approved by the trial court is practically conclusive on appeal.   p. 153.

APPEAL from a judgment of the circuit court for Lincoln county: A. H. REID, Circuit Judge.   *Affirmed.*

Action to recover a five per cent. commission on the purchase price of defendant's public utility in Tomahawk. Defendant entered into a written contract with the plaintiff whereby it agreed to pay him a five per cent. commission on the purchase price in case of a sale to any purchaser that was procured by his efforts. It is undisputed that the purchaser who bought the plant was secured by the efforts of the plaintiff and no objection is made by the defendant on that ground, but it claims that some time after the contract was entered into its president had a conversation with the plaintiff wherein it was agreed that plaintiff should receive a compensation of $2,500 and no more for procuring a purchaser. This alleged change in the contract was stoutly denied by the plaintiff, and the evidence relative thereto was in sharp conflict. The trial court submitted this question to the jury under proper instructions, and the jury found that no change in the contract had been made as claimed by the

defendant.   Upon the verdict and findings made by the court judgment was entered for the plaintiff for five per cent. of the full amount of the purchase price then paid.   It appeared in the evidence that some $17,000 of the purchase price had not been paid at the time of the trial, and no recovery was allowed on this unpaid part of the purchase price on the ground that it was not due until the purchase price was paid.   From a judgment entered accordingly the defendant appealed.

G. M. Sheldon of Tomahawk, attorney, and F. J. Smith of Merrill, of counsel, for the appellant.

For the respondent there was a brief by R. T. Reinholdt of Tomahawk, attorney, and J. & M. Van Hecke of Merrill, of counsel, and oral argument by Mr. Reinholdt.

The following opinion was filed October 14, 1924:

VINJE, C. J.   The defendant raises a question of pleading, but since every claim made by it was fully litigated upon the trial it is now academic.   It filed a counterclaim in the action and the plaintiff filed a reply.   Defendant entered a general demurrer to the reply.   Plaintiff claims the counterclaim did not state a cause of action, and the court so held. It is the claim of the defendant that its demurrer to the reply did not reach back to test the correctness of the counterclaim.   It is an elementary principle that a demurrer to a pleading reaches back to the first pleading that is defective in substance.   A demurrer does not reach back to pleadings defective in form merely, but if they are defective in substance the demurrer raises the question of their sufficiency. Here unquestionably the court was correct in holding that the counterclaim stated no cause of action.   It alleged only defensive matters which had theretofore been alleged in the answer.

The question also as to the correctness of an instruction given need not be considered because such question is raised upon the theory that this case was tried under the five-sixths

jury law. As a matter of fact it was tried in November, 1922. The five-sixths jury law did not go into operation until May 16, 1923. Even had it been decided under the five-sixths jury law no error was committed, because this court has held that in the absence of a showing that the verdict was not unanimous it will be presumed to have been. *Dick v. Heisler,* 184 Wis. 77, 198 N. W. 734. And if it was, the error claimed did not apply.

The defendant claims that since the plaintiff was not a licensed real-estate broker under the provisions of sec. 136.01, Stats. 1923, he is not entitled to a commission because the sale in question was a sale of real estate. The plaintiff contends that the sale of a public utility, though it includes real estate, is the sale of personal property, and therefore he does not come within the provisions of the statute quoted. It is not the purpose to now re-discuss that subject. It has been the settled law of this state since public utilities began to operate that the plant, real estate, and equipment of a public utility constitute personal property because they are incidents of the franchise, which is the principal thing, and without which such a business could not be carried on. The reasons for such rule are stated in the following cases: *Yellow River Imp. Co. v. Wood Co.* 81 Wis. 554, 51 N. W. 1004; *Fond du Lac W. Co. v. Fond du Lac,* 82 Wis. 322, 52 N. W. 439; *Chapman V. Mfg. Co. v. Oconto W. Co.* 89 Wis. 264, 60 N. W. 1004; *State ex rel. Milwaukee St. R. Co. v. Anderson,* 90 Wis. 550, 63 N. W. 746; *Monroe W. W. Co. v. Monroe,* 110 Wis. 11, 19, 20, 85 N. W. 685; *Washburn v. Washburn W. W. Co.* 120 Wis. 575, 585, 586, 98 N. W. 539; *Chicago & N. W. R. Co. v. State,* 128 Wis. 553, 619, 108 N. W. 557; *Calumet S. Co. v. Chilton,* 148 Wis. 334, 135 N. W. 131; *Superior W., L. & P. Co. v. Superior,* 174 Wis. 257, 296, 297, 181 N. W. 113, 183 N. W. 254. In the last case cited it is said:

"It is settled in this state that the franchise of a public utility corporation and the property devoted by it to the

performance of the duties imposed upon it by the franchise constitute an entirety, and the property, neither in its entirety nor in parcels, can be separated from the franchise, and that as the franchise is deemed the principal thing and is an incorporeal hereditament, the entire property assumes the character of personalty."

The fact that it may be deemed prudent, proper, or necessary, when a sale is effected, to convey that part of the public utility property constituting real estate by a deed of conveyance, is quite immaterial.   It is not here decided that such a deed is necessary, but if so it cannot alter the nature of the property conveyed as declared by law.   The law as laid down in the cases cited is held to govern this case.

It is claimed that for the purposes of a sale the property of a public utility should not be considered personal property but real estate.   We see no reason for so holding.   It is quite evident that the necessary qualifications of an agent for the sale of a public utility, which is in fact essentially the sale of a business, involving, perhaps, expensive, complicated machinery, is quite different from the necessary qualifications of an agent for the sale of ordinary real estate.   The real-estate agent would in most cases not be well fitted or competent to negotiate such a sale.   Usually such an agent must have some specific technical knowledge of the particular business in which the public utility is engaged in order to make a good agent for the sale thereof.   We do not deem this, however, of any controlling influence in reaching the conclusion that the property and plant of a public utility is for all purposes, when dealt with as an entirety, to be deemed personal property and not real estate.   We conclude, therefore, that the trial court reached the right result when it held that the plaintiff did not come under the provisions of the real-estate broker's law.

'A strong argument was made that the evidence does not sustain the finding of the jury that the written contract entered into was not changed by the conversation held be-

Ireland v. Oelhafen, 185 Wis. 153.

tween the plaintiff and the president of the defendant some six months after its execution. It is true that the evidence in that regard is in sharp conflict. But it is in such cases that the jury's conclusion becomes practically conclusive upon the court, especially so when the trial court, as in this case, has affirmed the verdict.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on December 9, 1924.