LOUIS WEINGAST, Appellant, *v.* RIALTO PASTRY SHOP, INC., et al., Respondents.

Commissions — brokers — Real Property Law — statute requiring real estate brokers to be licensed not applicable to one who negotiates sale of business although including lease — complaint erroneously dismissed in action for commissions.

1. Article 12-A of the Real Property Law, requiring real estate brokers to procure a license, is not intended to cover every transaction in which an interest in real estate may be part of the subject of transfer. It does not apply to one who exercises the calling of selling or exchanging businesses as going concerns although, as part of the good will, such sales may include the lease of a store or building. As failure to procure a license is made a crime the statute must not be extended by implication. (*Reichardt* v. *Hill*, 236 Fed. Rep. 817, approved.)

2. In an action, therefore, to recover commissions for negotiating the sale of a restaurant business, including the store, lease, good will, fixtures and merchandise, a dismissal of the complaint, on the ground that plaintiff had not procured a license as a real estate broker, was erroneous. He was not obliged to take out a license and was not barred from maintaining an action to recover compensation if he had earned it.

*Weingast* v. *Rialto Pastry Shop, Inc.,* 214 App. Div. 659, modified.

(Argued April 2, 1926; decided June 8, 1926.)

APPEAL from a judgment, entered December 23, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*Harry Lesser* and *William M. Stockbridge* for appellant. A broker who procures a customer for the sale of a going business, in order to recover compensation for his services, need not be licensed as a real estate broker, although the transfer of a lease of the premises where the business to be sold is carried on is a part of the transaction. (*Reichardt* v *.Hill,* 236 Fed. Rep. 817; *Hamilton* v. *Harvey,* 33 Ill. App. 499.)

*Alexander Rosenbaum, Maud Haas* and *Lester M. Friedman* for respondent. The plaintiff, not having been a duly licensed real estate broker when he undertook to sell the interest in real estate, cannot bring or maintain this action to recover compensation therefor. (*People ex rel. Elias Brewing Co.* v. *Gass,* 120 App. Div. 147; *Reich* v. *Cochrane,* 162 App. Div. 619; *Tamarin* v. *Fitzpatrick,* 125 Misc. Rep. 823; *Hazelton* v. *Scheckells,* 202 U. S. 71.)

CRANE, J. Our decision in *Roman* v. *Lobe* (243 N. Y. 51) held that section 440-a of the Real Property Law (Cons. Laws, ch. 50), requiring real estate brokers to procure a license, is constitutional. That decision, however, does not settle this case. The plaintiff does not claim to be a real estate broker. He is a business broker, buying and selling restaurants as places of business or going concerns of which the trade and good will form the subject-matter. The lease or real estate connected with such business is an element going to make up the value of the whole. He does not claim to be a broker for the purchase or sale of real estate and leases.

The question presented on this appeal is whether such a business falls within the above provision of the Real Property Law and requires the plaintiff to take out a license. If so, any broker or business man who negotiates for the sale or transfer of any business enterprise or the consolidation of corporations which may involve the transfer and sale of real estate or an interest in real estate will be a real estate broker, unable to receive compensation unless licensed.

Louis Weingast, the plaintiff, testified that he was a business broker and entered into an agreement with a corporation known as the Rialto Pastry Shop, Inc., to sell their restaurant business at 1052 Southern boulevard in The Bronx, New York city, as a business, a going concern. The shop took in about $2,000 a week. The plaintiff introduced to the officers of the company proposed purchasers who subsequently bought the place.

The sale included the store, the lease, the good will, tables and everything that went with the place. The lease had about six years longer to run and was of course considered of value to the purchaser. The restaurant or pastry shop had to be carried on in some store building or appropriate structure. Tenure for a definite period necessarily adds to the value of the good will of a restaurant or eating house where the customers may come because of the locality as well as the proprietorship.

Weingast testified that the main thing in a restaurant or any other business is the lease, *i. e.*, the place where the business is being conducted and can be conducted. The lease, however, formed but one element in the value of this eating house as a going concern. It was a part of the good will. The defendant corporation had built up a trade which as a business enterprise it was willing and prepared to sell, and did sell through the plaintiff's efforts.

The purchasers were in the market for a pastry shop business. It was a business which they desired to buy,

not merely a lease of a place in which they could start up or carry on their own business.

The memorandum or agreement of sale made the 17th day of May, 1923, between the Rialto Pastry Shop, Inc., and Priluk and Dworetsky, the purchasers, provided:

" The party of the first part agrees to sell and the parties of the second part agree to buy the restaurant and lease belonging to the party of the first part on premises 1052–1056 Southern Boulevard, in the Borough of Bronx, City of New York, including fixtures and merchandise on hand as of May 18th, 1923, and of good will appertaining to said business, free and clear of any and all debts on the following conditions —

" ' The sale of restaurant including fixtures and all merchandise and assignment of lease including security for $26,150 to be sold as of May 18th, 1923.' "

It further contained a covenant indicating that it was the business and not merely the lease or interest in real estate which was being sold. The provision reads:

" The bill of sale to include a provision that neither Rothschild nor Schneider, both interested in the Rialto Pastry Shop, Inc., will engage in a similar business for a radius of ten blocks for a period of ten years."

Section 440 of the Real Property Law reads as follows:

" Whenever used in this article ' Real estate broker ' means any person, firm or corporation, who, for another and for a fee, commission or other valuable consideration, lists for sale, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of an estate or interest in real estate, or collects or offers or attempts to collect rent for the use of real estate, or negotiates, or offers or attempts to negotiate, a loan secured or to be secured by a mortgage or other incumbrance upon or transfer of real estate."

We do not think this provision broad enough to cover, or was intended to cover, every transaction in which an interest in real estate may be part of the subject of transfer.

It does not apply to one who exercises the calling of selling or exchanging businesses as going concerns although, as part of the good will, such sales may include the lease of a store or building. One who makes a specialty of procuring purchasers for restaurants, drug stores, grocery stores and the like as going concerns, where a lease simply goes with the place as a part of the good will, does not become, within this law, a real estate broker. As failure to procure a license is made a crime the statute must not be extended by implication.

These views find support in *Reichardt* v. *Hill* (236 Fed. Rep. 817) where a similar ordinance was under discussion.

The plaintiff was not in the business of procuring leases or in buying and selling leases or interests in real estate as such. He was engaged in negotiating as a broker the sale of pastry shops or restaurants as going concerns and places of business. On the evidence, therefore, as presented it cannot be said as matter of law that he was violating, or had violated, these provisions of the Real Property Law. He was not obliged to take out a license and was not barred from maintaining this action to recover his compensation if he had earned it.

The complaint, therefore, should not have been dismissed, but as the Appellate Division also reversed upon the facts, the judgment should be modified so as to grant a new trial to the defendant corporation and as so modified affirmed, with costs to abide the event. As to the individual defendants the judgment of the Appellate Division should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, ANDREWS and LEHMAN, JJ., concur; MCLAUGHLIN, J., dissents and votes for affirmance.

Judgment accordingly.