C. GERARD DODGE, Appellant, *v.* FREDERICK W. RICHMOND, Respondent.

First Department, May 13, 1958.

*Lloyd I. Isler* of counsel (*Fink & Pavia*, attorneys), for appellant.

*William J. Butler* of counsel (*Butler, Jablow & Geller,* attorneys), for respondent.

STEVENS, J. This is an appeal from so much of an order as denied plaintiff's motion to dismiss the second affirmative defense of an answer filed herein.

According to the complaint, plaintiff broker was employed by defendant to effect a sale to defendant of the assets of the Follansbee Steel Corp. at a top price of $25 per share. Defendant seller agreed to pay plaintiff a stated graduated commission if the purchase were consummated. Plaintiff asserts due performance by him, a purchase by defendant of the assets for a price of $9,286,620, and a failure by defendant to pay the commission.

The suit embraces two causes of action, one for breach of express contract, the other in *quantum meruit.*

The second affirmative defense pleads that the assets " included " real property and that since plaintiff is not a duly licensed real estate broker he is precluded from recovery by reason of section 442-d of the Real Property Law.

Section 442-d entitled " Actions for commission; license prerequisite ", states: " No person, copartnership or corporation shall bring or maintain an action in any court of this state for the recovery of compensation for the services rendered, in any place for which this article is applicable, in the buying, selling, exchanging, leasing, renting, or negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose."

Section 440 of the Real Property Law defines a " real estate broker " as: " Any person, firm or corporation, who, for another and for a fee, commission or other valuable consideration, lists for sale, sells, at auction or otherwise, exchanges,

buys or rents, or offers or attempts to negotiate a sale, at auction or otherwise, exchange, purchase or rental of an estate or interest in real estate, or collects or offers or attempts to collect rent for the use of real estate, or negotiates, or offers or attempts to negotiate, a loan secured or to be secured by a mortgage or other incumbrance upon or transfer of real estate.''

Article 12-A, of which sections 440 and 442-d are a part, was designed to protect dealers in real estate from unlicensed persons who acted as brokers, and to protect the public from inept, inexperienced or dishonest persons who might perpetrate or aid in the perpetration of frauds upon it, and to establish protective or qualifying standards to that end.

Since the motion is brought under subdivision 6 of rule 109 of the Rules of Civil Practice on the ground that the defense pleaded is insufficient in law, attention must be confined solely to the allegations of the complaint and those of the second affirmative defense.

The question is, therefore, whether the mere inclusion of an item of real estate in a transaction involving the transfer of the assets of a business is sufficient to bar an action for the recovery of commissions. Or, to express it differently, does the inclusion of such an item in and of itself establish plaintiff as carrying on the business of real estate broker so as to bring him within the prohibition of the statute?

The answer to the question is in the negative.

The Court of Appeals, in referring to section 440 of the Real Property Law which defines a real estate broker, observed '' We do not think this provision broad enough to cover, or was intended to cover, every transaction in which an interest in real estate may be part of the subject of transfer. * * * As failure to procure a license is made a crime the statute must not be extended by implication.'' (*Weingast* v. *Rialto Pastry Shop*, 243 N. Y. 113, 116, 117.)

The court's language establishes that one looks to the nature of the transaction as well as the purpose of the statute.

If an item of real estate, or an interest in real estate, is a mere incident or incidental feature of the transaction obviously the statute should not apply. For '' A broker need not be licensed under the provisions of the Real Property Law (Art. 12-A) to bring about a sale of a business.'' (*Shalof* v. *Rosovsky,* 136 Misc. 132, 133; *James* v. *Alderton Dock Yards,* 225 App. Div. 675.)

And this is true even though such item may be a significant though not a dominant feature of the transaction.

'' If real estate is going to be the principal element involved in the transaction a broker has to have a license and cannot

evade its necessity by referring to the services as originating or introducing or any other fantastic term.'' (*Baird* v. *Krancer*, 138 Misc. 360, 362.)

Tested by these standards and in the light of the allegations of the complaint it is not necessary for plaintiff to aver that he is a licensed real estate broker (*Ophuls & Hill* v. *Jervian Corp.*, 230 App. Div. 523), and an affirmative defense alleging the absence of such license as a bar is insufficient on the pleadings before us.

If the defense rests upon the illegality of the contract sufficient must be alleged to establish that the action is not maintainable (Civ. Prac. Act, § 242), or to indicate that the real estate was a dominant or the principal feature of the transaction. When that is alleged there would be an issue of fact whether plaintiff's services in the transaction described in suit were those of a business broker or real estate broker. (*Seckendorff* v. *Halsey, Stuart & Co.*, 229 App. Div. 318; *Schwartz* v. *Frieder*, 249 App. Div. 199.)

The order appealed from should be modified so as to grant the motion to dismiss the second affirmative defense, on the law, with leave to replead if defendant be so advised, and as so modified is otherwise affirmed, with costs.

BREITEL, J. P., RABIN, FRANK and McNALLY, JJ., concur.

Order unanimously modified so as to grant the motion to dismiss the second affirmative defense, on the law, with leave to replead if defendant be so advised, and as so modified is otherwise affirmed, with costs to the appellant.

Settle order.