PER CURIAM.
Appellant filed suit to enjoin the appel-lees from operating as real estate brokers or salesmen, in violation of Ch. 475 Fla. Stat., F.S.A. It was alleged the defendants did not hold a license as real estate brokers or salesmen; that the appellee Reliable Rental Agency, Inc., herein referred to as Reliable, and the appellee Ashmore, as its president, were operating in violation of Ch. 475 by “managing the rental of properties of others than themselves, for compensation, by advertising and renting apartments, duplexes, or houses to tenants, and quoting rentals and collecting said rental for the owners and transmitting said rent monies to the owners of the premises after deducting a commission or commissions therefor.” tThose allegations were followed by a number of specific examples of rentals of described premises to named individuals who had responded to advertisements by Reliable through its “for rent” signs on the premises, and that such acts were performed by Reliable through Ashmore.
A motion to dismiss the complaint for failure to state a cause of action was denied. The defendants answered, admitting they were in the “rental management *676 business,” and averring that as such they were not required to hold registration as real estate brokers or salesmen.
At trial it was brought out that Reliable acted for some 25 to 30 owners, on approximately 400 rental units; that in some instances Reliable advertised itself as the “rental agency” by signs on the premises, and made rentals of apartments, in addition to collecting rents and performing other managerial services, for all of which services Reliable received a single fee from each owner based on a percentage of rentals collected. At the close of the plaintiff’s case the trial court granted a motion of the defendants to dismiss, and dismissed the cause. The plaintiff real estate commission then took this appeal.
Subsection 2 of section 475.01 Fla.Stat., F.S.A, provides in pertinent part as follows:
“Every person who shall, in this state, for another, and for a compensation or valuable consideration directly or indirectly paid or promised, expressly or impliedly, or with an intent to collect or receive a compensation or valuable consideration therefor, appraise, auction, sell, exchange, buy or rent, or offer, attempt or agree to appraise, auction or negotiate the sale, exchange, purchase or rental of any real property, or any interest in or concerning the same, including mineral rights or leases; or who shall advertise or hold out to the public by any oral or printed solicitation or representation that such person is engaged in the business of appraising, auctioning, buying, selling, exchanging, leasing or renting real estate, or interests therein, including mineral rights or leases, of others; and every person who shall take any part in the procuring of sellers, purchasers, lessors or lessees of the real property, or interests therein, including mineral rights or leases, , of another; or who shall direct or assist in the procuring of prospects, or the negotiation or closing of any transaction which does, or is calculated to, result in a sale, exchange, or leasing thereof, and who shall receive, expect, or be promised any compensation or valuable consideration, directly or indirectly therefor; and all persons who are members of partnerships or officers or directors of corporations engaged in performing any of the aforesaid acts or services; each and every such person shall be deemed and held to be a ‘real estate broker’ or a ‘real estate salesman’ as hereinafter classified, * * * ”
It was clearly disclosed in the evidence that the services of the appellees, with respect to the properties of many of the owners they served, included acts which, when done by one for compensation, would cause him to be classified as a real estate broker or salesman under the statute. For example, as to certain of the properties, Reliable placed signs on or in the buildings advertising itself as the rental agent and directing prospective lessees to Reliable’s office address. There, prospective lessees responding to such advertisements, were screened and leases were made by Reliable on behalf of the respective owners which the appellees found to be acceptable. In some instances the appellees undertook to keep the rental premises of an owner leased to the highest practicable percentage of occupancy.
In dismissing the cause at the close of the plaintiff’s case, notwithstanding that showing, the trial court accepted the arguments of the appellees, also presented here, that (1) the rental activities engaged in were done without compensation, and (2) relying on the case of Hughes v. Chapman, 5 Cir.1959, 272 F.2d 193, that the apartment rentals should be regarded as only incidental to the collection of rents by the appellees for which a broker’s or salesman’s license was not required.
We hold that in so ruling the trial judge was in error. We agree with the contention of the appellant that the compensation paid to the appellees on the basis of *677 a percentage of rents collected was compensation for all of their services and not for the rental collections only. This is so because rental of the units of these housing properties is the sine qua non to the production of income and to the creation of rentals to be collected from which the compensation and amount of compensation to Reliable depends. The fact that Reliable may be compensated on the same percentage of collected rentals from owners who handle their own leases as is paid by owners for whom Reliable undertakes also to negotiate and make leases does not cause the leasing services for the latter group of owners to be done gratis. Where undertaken and performed, the handling of the leases is a substantial and integral part of the employment and services performed.
Nor can such leasing services be said to be incidental, as was held of the assignment of a lease in connection with the sale of a radio station business in the case of Hughes v. Chapman, supra. In that case where the agent sold a radio station for a price of $50,000, and in connection therewith procured the assignment of the existing lease, the owner refused to pay the agent his agreed ten percent commission, contending the agent was barred from re-, covery thereof by § 475.41 Fla.Stat., F.S.A. because the agent was not registered as a real estate broker or salesman, and that the transfer of the lease by him was an action which required registration under § 475.01(2).
We agree that the transfer of the lease in the Hughes case was entitled to be regarded as only incidental to the sale of the radio station business. The real estate leases under examination here are not a single leasing transaction, and in our view could not correctly be regarded as an uncompensated incidental service to the owners involved.
Appellees make no serious contention that their activity in negotiating and making leases of apartments for the several owners whom they served were not such as to come within the services listed in § 475.01(2) for which they would be classified as brokers or salesmen. Any doubt regarding that feature of the case would appear to be removed by a recent act of the legislature (Ch. 67-507) creating an exemption which obviated the need for registration by an agent renting housing units “under one ownership, control, management or franchising authority.” The fact that the legislature found it necessary to expressly exempt, from the registration requirements, one making leases in the case of a single owner makes it clear that such leasing action would otherwise be covered by § 475.01(2) Fla.Stat., F.S.A.
For the reasons stated, the judgment appealed from is reversed and the cause is remanded for new trial.
Reversed and remanded.