232 So.2d 351 (1970)
QUICK SHOPS OF MISSISSIPPI, INC.
v.
J.M. BRUCE, d/b/a J.M. Bruce & Associates.
No. 45646.
Supreme Court of Mississippi.
February 23, 1970.
Wells, Wells, Marble & Hurst, Jackson, for appellant.
Crisler, Crisler & Nicols, Jackson, for appellee.
SMITH, Justice.
J.M. Bruce & Associates, a real estate and business brokerage firm, licensed as a real estate broker in the State of Georgia but not in Mississippi, was plaintiff in an action to recover upon an alleged commission agreement in connection with the sale or of a "going business" for appellant, Quick Shops of Mississippi, Inc. Quick Shops defended upon the ground that there had been no agreement and pleaded that, since the transaction involved real estate, in the form of a seven year lease, the action could not be maintained because of the failure of Bruce to comply with Mississippi Code 1942 Annotated section 8920-01 et seq. (1956), regulating real estate brokers in general, and was barred by Mississippi Code 1942 Annotated section 8920-17(a), which provides, in effect, that no action may be brought or maintained for the recovery of a commission, fee or compensation by a real estate broker, not licensed as such in Mississippi, upon a Mississippi real estate transaction.
The gravamen of Bruce's case was that, although not licensed as a real estate broker in Mississippi, he principally was engaged in acting as a business broker, in the sale and purchase of going businesses as such, that sales of such businesses involved, as their dominant feature, not real estate but personalty, which consisted of the established reputation, goodwill, and other elements which were the more valuable incidents of a going commercial enterprise. Recovery was sought upon the value of such items and not upon the value of Quick Shop's nonrenewable lease of the building, lot and fixtures, which was assigned or transferred to the purchaser.
The evidence upon the question of whether there had been an agreement between *352 the Bruce firm and Quick Shops to pay a broker's commission of ten per centum upon the sales was in irreconcilable conflict. There was evidence tending to show that such an agreement had, in fact, been made. Bruce testified, in substance, that after he had found a buyer and had brought seller and purchaser together, acting under the agreement, the parties sought to deprive him of his commission by concluding the sale without notifying him.
The case was submitted to a jury by the trial court upon the theory, embodied in the court's instructions, that Bruce was "neither entitled to nor claims a commission on the value of the real estate and facilities involved" in the sale, nor was he entitled to recover if "the predominant feature of the contract involved the sale of real estate." Also, the jury was told by the court, that the term real estate included a lease of real estate. The jury found for Bruce.
The jury's verdict resolved the factual questions against appellant, so that there remains for examination the legal proposition, novel in Mississippi, of whether a broker, not licensed in Mississippi as a real estate broker, is, notwithstanding Mississippi Code 1942 Annotated section 8920-01 et seq. (1956), entitled to recover a commission on the non real estate values involved in the sale of a going business, where real estate, although a significant, was not the dominant factor in the transaction.
While the question is one of first impression in Mississippi, the highest courts in a number of other jurisdictions have considered and passed upon it. However there is a notable absence of unanimity among the views expressed by the several courts.
One of the more recent, of a considerable number of decisions upon the subject, is that of Cary v. Borden Co., 153 Colo. 344, 386 P.2d 585 (Colo. 1963).
In Cary, the plaintiff had sought to recover a brokerage commission for his "services in his capacity as a finder or business broker" in connection with a transaction involving the sale and purchase of a dairy.
Cary was not licensed as a real estate broker in the State of Colorado and the trial court had dismissed the case "on the theory that the transaction involved real estate in significant part, that Cary had not a real estate brokers license as required by the Colorado statute."
The Colorado statute required one engaged in the business of real estate broker to obtain a license. The Colorado Supreme Court said:
To act without such license is made a criminal offense by C.R.S. '53, 117-1-19. In construing the act, this Court has held that a sale of realty made by one who acts in the capacity of a broker without a license disentitles him to compensation for his services. Benham v. Heyde, 122 Colo. 233, 221 P.2d 1078.
The Court continued:
Must one who renders services in connection with the sale of a going business have a real estate broker's license where realty comprises a part of the assets of such going business, before he may recover a commission? This is the question which confronts us in this case, and so far as we can ascertain, the question is novel to this Court.
Courts of other states have considered the problem under varying circumstances, and it appears from their decisions that four different solutions have been reached.
A rule, referred to as the New York rule, had its inception in the leading case of Weingast v. Rialto Pastry Shop, 243 N.Y. 113, 152 N.E. 693. In holding the recovery of a commission proper, the Court reasoned that "as failure to procure *353 a license is made a crime, the statute must not be extended by implication."
He who, pursuant to an agreement, negotiates or aids in the transfer of a going business may recover a commission despite the fact that real estate forms an incident of the transaction and he has not a real estate broker's license. Weingast v. Rialto Pastry Shop, supra; Dodge v. Richmond, 5 A.D.2d 593, 173 N.Y.S.2d 786; J.L. Kislak, Inc. v. Carol Management Corp., 7 A.D.2d 428, 184 N.Y.S.2d 315; Reichardt v. Hill, 6 Cir., 236 F. 817; Dubin v. Mohr, 247 Wis. 520, 19 N.W.2d 880; see Frier v. Terry, 230 Ark. 302, 323 S.W.2d 415. "And this is true even though such item may be a significant though not a dominant feature of the transaction." Dodge v. Richmond, supra.
Opposed to the foregoing rule is one sometimes referred to as the New Jersey rule. It is enunciated in Kenney v. Paterson Milk & Cream Co., Inc., 110 N.J.L. 141, 164 A. 274, 88 A.L.R. 1416. In this jurisdiction the contract is treated as an entirety and it applies the rule that "if a contract be in its nature entire, and in one part it satisfies the statute, and in others does not, then it is altogether void." Supporting this view are Abrams v. Guston, 110 Cal. App.2d 556, 243 P.2d 109; De Metre v. Savas, 93 Ohio App. 367, 113 N.E.2d 902; Grammer v. Skagit Valley Lumber Co., 162 Wash. 677, 299 P. 376.
The Colorado statute, like the Mississippi statute, made it a crime to act in a real estate transaction without a real estate broker's license. Like Mississippi's statute, the Colorado statute was highly penal and in derogation of the common law.
In Cary, the Colorado Court concluded by adopting the New York rule and reversed the trial court, holding that it could not extend the application of the statute by implication.
The Supreme Court of Wisconsin was confronted by a somewhat similar question in Ireland v. Tomahawk Light, Telegraph & Improvement Company, 185 Wis. 148, 200 N.W. 642 (1924). The court adopted the New York rule. In a later case arising in Wisconsin, however, George Nangen & Company v. Kenosha Auto Transport Corporation, 238 F. Supp. 157 (E.D.Wis. 1965) the court declined to follow the rule announced in Ireland but based its decision not to do so upon an amendment of the statute, enacted following the decision in Ireland, defining a real estate broker as any person who:
(d) For another and for commission, money or other thing of value, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of any business, its good will, inventory, fixtures or an interest therein; or
(e) Is engaged wholly or in part in the business of selling business opportunities or good will of an existing business or is engaged wholly or in part in the business of buying and selling, exchanging or renting of any business, its good will, inventory, fixtures or an interest therein.
The situation disclosed by the Wisconsin cases lends emphasis to the court's position that, the legislature having spoken upon the subject, the statute will not be judicially extended beyond the clear expression of legislative intent.
Under Mississippi Code 1942 Annotated section 8920-17 (1956) access to the courts of this state for the collection of a commission for brokerage services is denied an unlicensed real estate broker. A statute such as this one is highly penal. Hughes v. Chapman, 272 F.2d 193 (5th Cir.1959). It is a fundamental principle of statutory construction that statutes penal in nature must be strictly construed. Brotherhood of Railroad Trainmen v. Illinois Central Railroad Company, 243 Miss. *354 851, 138 So.2d 908 (1962); Southern Engineering & Electric Company v. Chester, 226 Miss. 136, 83 So.2d 811, corrected 226 Miss. 136, 84 So.2d 535 (1955); Kelley v. Welbourn, 217 Miss. 16, 63 So.2d 413 (1953); Keathley v. Hancock, 212 Miss. 1, 53 So.2d 29 (1951). A statute barring a real estate broker from access to the courts for the collection of a commission is in derogation of the common law. 12 C.J.S. Brokers § 8 (1938). Statutes in derogation of the common law are to be strictly construed and cannot be extended by implication. Day v. Hamilton, 237 Miss. 472, 115 So.2d 300 (1959); Boroughs v. Oliver, 217 Miss. 280, 64 So.2d 338 (1953); Houston v. Holmes, 202 Miss. 300, 32 So.2d 138 (1947); City of Jackson v. Wallace, 189 Miss. 252, 196 So. 223 (1940).
This subject has been comprehensively dealt with by the Mississippi Legislature. It must be assumed that, in enacting the relevant statutes, the legislature was aware of the above principles and that it was the legislative intent, by the express words used, to extend the application of the statute to real estate transactions and to no others. It is for the legislature, not the Court, to amend this statute, so as to embrace cases such as the present, if such an amendment should be found desirable or in the public interest.
Whether, in a given case, real estate constitutes such a dominant part of the transaction as to deprive a broker of access to the courts to recover a commission upon the personal property elements involved, ordinarily is a factual question for determinations by the trier of facts. Here the issues were submitted to a jury under proper instructions and, not having been against the great weight of the evidence, the verdict will not be disturbed.
Affirmed.
ETHRIDGE, C.J., and RODGERS, JONES and BRADY, JJ., concur.