■ BLEECKER CHARLES COMPANY, by OSCAR NEWMAN, as General Partner, Respondent, v. A & D HARRISON, INC., Appellant.— Order, Supreme Court, New York County, entered on June 30, 1971, granting summary judgment and directing an assessment of damages, affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal. In this action a limited partnership sues a corporation for the return of management fees. The fees were paid for the management of a building owned by the partnership, and the basis of plaintiff's claim is that the corporation was not a licensed real estate broker (Real Property Law, §§ 440, 442-e, subd. 3). These facts are not disputed. It appears that all of the stock of the defendant corporation is owned by Arthur S. Harrison, who is also one of the general partners of the plaintiff. It is his contention that the corporation is his alter ego, and for the purposes of this appeal we may take it that this is the fact. Proceeding from this premise defendant argues that he is managing his own property and for this no brokerage license is required. There is a serious gap in this syllogism — the corporation is not managing its own property nor is the individual managing his. Assuming that the individual is the manager, he is acting for all of the general and limited partners; Both the spirit and the letter of the Real Property Law require one so acting to be licensed with the consequent effect for the failure to have a license. There is no factual issue, and the grounds set out in the dissent appear to have been rejected (see *Reiter* v. *Greenberg*, 18 A D 2d 1093, revd. on other grounds, 21 N Y 2d 388). Concur — Stevens, P. J., McNally and Steuer, JJ.; McGivern and Kupferman, JJ., dissent in the following memorandum by McGivern, J.: I would modify the order appealed from to the extent of denying summary judgment to the plaintiff and otherwise affirm. Special Term grounded its disposition on a failure to comply with the " provisions of the Personal Property Law " (sic). Actually, and it is conceded, the applicable section is 440-a of the Real Property Law. But, I would not, on this attenuated record, find a violation of that statute and expose the defendant to the prodigious penalties

of section 442-e of the Real Property Law. In my judgment, the statute (§ 440-a) was never intended for a situation as we have before us, where for many years, the plaintiff suffered the use by Harrison, one of its two general partners, of his solely owned corporation as an instrumentality for the management of partnership property in which the parties had a common interest. And since the defendant never held itself out as a broker, as defined in the law, and since all the funds collected were deposited in the plaintiff partnership account, I cannot conclude on this record that the defendant offended the express public policy of the statute. Since there is no clear showing it did, it should not be summarily subjected to the statutory penalties. (See *Matter of Wilson Sullivan, Inc. [Miller]*, 289 N. Y. 110; *Seider* v. *Fagin*, 40 Misc 2d 425.) The question as to whether the corporate entity should properly be disregarded should not be summarily determined. Since the ultimate answer depends upon mixed questions of law and fact, the motion of plaintiff should have been denied. "The drastic remedy which disposes of a cause of action or a defense on pleadings and affidavits should not be granted when there is any doubt as to the existence of justiciable questions of fact. (*Braun* v. *Carey*, 280 App. Div. 1019)." (*Johnson* v. *Johnson*, 33 A D 2d 640.) In any event, where there is any doubt about the application of this statute, it "must not be extended by implication" (*Weingast* v. *Rialto Pastry Shop*, 243 N. Y. 113, 117). As this appellate court said, citing the Court of Appeals, "The court's language establishes that one looks to the nature of the transaction as well as the purpose of the statute". (*Dodge* v. *Richmond*, 5 A D 2d 593, 595.) Finally, I fail to see how the foregoing rationale was rejected by *Reiter* v. *Greenberg* (18 A D 2d 1093, revd. 21 N Y 2d 389) as intimated by the majority opinion; this case involved a syndicate relative to the sale of an office building in the City of Buffalo, and the corporate broker engaged the defendant Gidzelman, an accountant, to assist in finding participants. At issue was the sale of real property, not the management of property in which both litigants had a commonalty of interest, as in the instant case; there was no long period of sufferance, and above all, the issue in the *Reiter* case was not summarily disposed of. What was before the appellate court in that case was a decision of a Special Referee, the Honorable Meir Steinbrink, after a trial. There was division in the Appellate Division, and the Court of Appeals, in reversing, said (pp. 391-392) of article 12-A of the Real Property Law: "This article is penal in nature and should be strictly construed. Its provisions are not broad enough 'to cover * * * every transaction in which an interest in real estate may be part of the subject of transfer.'" To close with an ancient axiom, "Where there is any doubt, there can be no doubt." The subject case, like the *Reiter* case (*supra*), is not suitable for summary judgment.