Julian Hertz, J.
Defendants William Sickinger and Everything For Living Space, Inc. are charged with operating as real estate brokers without obtaining a license, in violation of section 440-a of the Real Property Law.
After a preliminary hearing, the court finds the facts to be as follows:
On February 4, 1974, Diane 'Sperling, the complainant, paid a $25 fee to the corporate defendant for a list of various available apartments. The corporate defendant, Everything For Living Space, Inc., operates as an “ apartment referral *573 service ”. Thus, for a fee paid in advance, the defendant provides listings of vacant apartments. The defendant states in the signed agreement in evidence that it obtains listings from the owners and managers of buildings, tenants, newspaper advertisements of vacant apartments, and street surveys of vacant apartments.
Upon the payment of the afore-mentioned fee, Ms. Sperling received from defendant a. printed statement entitled “ space membership ’ ’ which recited that the defendant sees none of the apartments that are listed; makes no warranties concerning the apartments; is neither a landlord nor real estate broker and does not communicate with the landlord, broker or other agents of any apartment on behalf of its customers; and all negotiations with landlords must be had by the member.
The witness testified that she investigated some of the apartments and had additional communications with defendant regarding the availability of additional listings. Although Ms. Sperling expressed dissatisfaction with the manner in which the service operated (false leads, limited referrals and difficulty in being connected with a person willing to give new apartment listings), she never sought the return of her fee and did not allege any fraud on the part of defendant.
Ms. Sperling testified that she did not know defendant William Siekinger and that she could not identify the men she spoke to at the office and over the telephone. She was the only witness at the preliminary hearing. No evidence connected William Siekinger with the corporate defendant.
The individual defendant now moves to dismiss the charge based on that fact. The prosecution concedes that no evidence connects Siekinger with the corporate defendant’s operation, but offers to rectify the omission. Since the preliminary hearing has been concluded, and absent extraordinary circumstances requiring that the hearing be reopened, the court grants the motion to dismiss as to William Siekinger.
As to the corporate defendant, the court concludes that the evidence at the hearing supports the charge. Section 440 of the Real Property Law provides that: 1 ‘ Whenever used in this article ‘ real estate broker ’ means any person, firm or corporation, who, for another and for a fee, commission or other valuable consideration, lists for sale * * * rental * * * an estate or interest in real estate ”. Section 440-a prohibits any person other than a broker from operating in this State without a license; and section 442-c provides for penalties for violators.
*574 The plain purpose of article 12-a of the Real Property Law is to protect the public from inept, inexperienced or dishonest persons who might perpetrate or aid in the perpetration of frauds and to establish protective or qualifying standards to that end (Dodge v. Richmond, 5 A D 2d 593). Although it is not alleged 'that the corporate defendant or its agents or employees participate in negotiations between members using its lists, the defendant nevertheless intends to initiate' multiple transactions through its service. Baird v. Krancer (138 Misc. 360) decided that to ‘ ‘ negotiate ’ ’ included bringing parties together if only by the preparation of a list of vacant apartments. That case, as well as other authority, holds that the brokerage function is exercised when parties are brought together, although the details may be worked out later without the broker.
It may be noted that the 1930 opinion of the Attorney-General (1930 Opns. Atty. Gen. 270), dealing with facts not dissimilar from those at issue here, held that it was a violation of the licensing requirements where the listing service was not licensed. Such a plan was likewise condemned (34 Opns. Atty. Gen. 234).
There has been judicial consideration of the same question in other cases. In Thompson v. Ruffin (270 So. 2d 224 [La. App., 1972]) the appellant, a licensed real estate broker, opera-fed an apartment information service with duties similar to the service operated herein and employed unlicensed personnel to receive phone calls and discuss apartments with clients coming into the office. The court held that the services rendered by. the apartment information service constituted an integral part of the rental process and thus required licensure of its employees (see, also, .Boise Cascade Home & hand Corp. v. Division of N. J. Real Estate Comm. 121 N. J. Super. 228).
The cases cited by the defendant are not applicable to the facts in the instant case. Reiter v. Greenberg (21 N Y 2d 388) involved a person selling interest in a syndication formed to acquire title to real property. The court held that a person need not be licensed on the ground that it was a sale of securities, not a sale of real estate. Weingart v. Rialto Pastry Shop (243 N. Y. 113) involved a person who is a “ business broker ” in that he buys and sells businesses. The court held that the lease connected with the business is only one element of the business and that the person is not 11 buying or selling ” real estate, but rather buying and selling businesses. Dodge v. Richmond (5 A D 2d 593, supra) involved the sale of a corporation’s assets. The court held that an item óf real estate is a *575 mere incident of the entire transaction and.does not require licensure.
In the present case, real estate is the principal element involved in the corporate defendant’s services; hence it must have a license and cannot evade its necessity by referring to the services as “ introducing ” or any other term (Baird v. Krancer, 138 Misc. 360, supra).
For all of the reasons enumerated above, the corporate defendant’s motion to dismiss is denied.