Saunders v Foschi (2022 NY Slip Op 05776)

Saunders v Foschi

2022 NY Slip Op 05776

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Renwick, J.P., Friedman, Singh, Shulman, Higgitt, JJ. 

Index No. 650835/19 Appeal No. 16423 Case No. 2021-02002 

[*1]John W. Saunders, Plaintiff-Respondent,
v
Sandra Foschi, et al., Defendants-Appellants.

Charter Williams, P.C., Brooklyn (Charter M. Williams of counsel), for appellants.
Pryor Cashman LLP, New York (Felicity S. Kohn of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered March 6, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint and granted plaintiff's cross motion insofar as it sought summary judgment on his breach of contract claim, unanimously affirmed, without costs.
Plaintiff commenced this action seeking a commission for services performed for defendant in connection with the purchase of a radio station as a "going concern." Defendant asserts a defense and counterclaim based on allegations that plaintiff is not entitled to the agreed commission or fee with regard to the part of the services provided pertaining to the sale of real estate. Defendant argues that because plaintiff is not a duly licensed real estate broker he is precluded from recovery by reason of Section 442—d of the Real Property Law. Section 442-d provides that "no person . . . shall bring or maintain an action in any court of this state for the recovery of compensation for services rendered . . . in the buying, selling, exchanging, leasing, renting, or negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesperson on the date when the alleged cause of action arose" (see also Amirkhanian v Berniker, 147 AD3d 475 [1st Dept 2017]).
We agree with Supreme Court that plaintiff was not required to have a real estate broker's license in New York before he could legally collect a commission in this case. Defendants initially approached plaintiff based on his specialty, brokering radio station sales. The real estate at issue is the land on which the radio station studio and transmitter were located, and defendants admitted that although the chief objective was to purchase the radio station, they were ultimately constrained to purchase the related real property as well to obtain financing for the deal. If an item of real estate, or an interest in real estate, is a mere incident or incidental feature of the transaction, the statute should not apply (see Dodge v Richmond, 5 AD2d 593, 595 [1st Dept 1958]). "[T]his is true even though such item may be a significant though not a dominant feature of the transaction" (id.; see Ruiz v Mendez, 86 F Supp 29, 36-37 [D PR 1949] [finding that because the defendants wanted a distillery and not land, the real estate was only incidental to their main objective of buying the distillery machinery]). Moreover, because contravention of the statute is made a criminal offense (Real Property Law § 442-e), its application is strictly construed (see Galbreath-Ruffin Corp. v 40th & 3rd Corp., 19 NY2d 354, 364 [1967]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022