William C. Hecht, J.
The movant contends that the injunction order, sought to be vacated or modified on this motion, was automatically dissolved or lapsed by entry of final judgment in an action against Nassau Management Company, Inc.
This contention overlooks the fact that the order was not a preliminary injunction in the action above referred to. The order was not obtained, pursuant to section 353 of. the General Business Law, in an action already commenced by the Attorney-General. It was issued upon an application made by the Attorney-General under section 354 of the same statute, which authorizes injunctive relief ‘ ‘ Whenever the attorney-general has determined to commence an action under this article * * before beginning such action ” (italics supplied). The statement of the Attorney-General, in support of said application, that he intended to commence an action against Norman, Saslow, Volner and Tracy, as well as Nassau Management Company, Inc., has not lost its force merely because an action which he did bring against said corporation has gone to judgment. The Attorney-General was under no obligation to combine causes of action against the individuals and against the corporation in a single action. There is nothing to show *618 that he does not intend to commence suit against the individuals in accordance with his expressed intention, above referred to.
Nor is vacatur or modification of the injunction order on the merits justified at this time. The receivers state that the investigations initiated by them have not as yet been completed. The affidavits submitted by their attorney indicates that there is some possibility that a thorough and complete canvass of the facts may reveal infirmities in the movant’s rights to the collateral claimed by him. In addition, it appears that a conflicting claim has been presented by another alleged assignee of the same collateral. The movant’s contention that there is urgent need for a prompt determination of this motion in his favor, so that he may hold an immediate sale of the collateral, is sufficiently answered by pointing out that the assignment of the collateral to him did not include a power of sale. As the result, his only right, if the motion were granted, would be to apply to the alleged indebtedness the income from the pledged collateral, when and as received (Wheeler v. Newbould, 16 N. Y. 392; Berwin v. Newman, 85 N. Y. S. 2d 568, affd. 276 App. Div. 994).
In these circumstances, a proper exercise of discretion requires that the motion be denied but without prejudice to the institution of a plenary action against the receivers and other claimants of the collateral.
There is no showing that the consequent delay in the receipt by the movant of income from the collateral would be unduly prejudicial to him. The bringing of such plenary action would enable the receivers to assert and litigate counterclaims which they claim to possess against the movant, and would permit thorough exploration of the facts upon which the rights of the various parties depend.
The motion is, accordingly, denied, but without prejudice to the commencement of a plenary action by the movant.