Meier Steinbrink, Spec. Ref.
This is a representative action brought by a stockholder against an officer and director (Green-berg) and another (Gedzelman) seeking to recover corporate funds allegedly improperly obtained from the corporation.
Originally plaintiff, contended that defendant Greenberg improperly received Items 1, 2, 3 and 5 set forth in plaintiff’s Exhibit 1. The claims with reference to Items 1, 2 and 3 have been withdrawn. As to Item 5, it was stipulated that for the purpose of saving the time of the court and of the parties, defendant Greenberg agreed that $250 of that item be charged personally to him and plaintiff agTeed to reduce the claim to $250. This is allowed to plaintiff.
Item 4 is directed against defendant Gedzelman. Originally it was claimed that $4,000 was improperly paid to him. Plaintiff now concedes that $750 of this amount was properly paid to this defendant (a certified public accountant) for accounting services and seeks a recovery of the balance or $3,250.
The facts with reference to the receipt by Gedzelman of the $3,250 are not in dispute. This was a commission of 5% on $65,000 worth of units in Root Building Associates hereafter referred to as RBA sold by him. RBA was a limited partnership formed to acquire ‘ ‘ for investment and the ownership, operation, management and servicing of certain real property known as the Root Building ” in the City of Buffalo. Similar units were sold by others including plaintiff’s husband, all licensed real estate brokers, and they received commissions thereon conceded to be proper. It is solely because defendant *19 Gedzelman is not a licensed real estate broker and not an attorney that plaintiff contends any payment to him or receipt by him of commissions is improper and may be recovered on behalf of the corporation in this action even though the payment was voluntarily made by the officers with plaintiff’s knowledge and without any objection. The issues with reference to defendant Gedzelman may thus be simply stated:
Is one who is not a lawyer or a licensed real estate broker entitled to commission agreed to be paid him on the sale of units or participations in a limited partnership formed to acquire specific real property? If not, does the fact that the commission has been voluntarily paid to him by a corporation with the knowledge and without objection of the now complaining stockholder preclude its recovery?
At the outset it must be stated that neither counsel nor I have found any reported case on the subject. This is not surprising as the syndication method of limited partnership participation in real estate ventures is of comparatively recent origin. The subject has become of some importance'however and it is hoped that a determination of the issue presented may be had in the near future by the appellate courts. However, in the absence of controlling authority, the matter must be decided here.
Article 12-A of the Beal Property Law (§ 440 et seq.), so far as material here, provides that no person shall engage in the business of a real estate broker without first procuring a license therefor. A real estate broker is one who for a fee sells, exchanges, buys or rents or offers or attempts to negotiate a sale, exchange, purchase or rental of an estate or interest in real estate. No action for recovery of compensation for selling an interest in real estate may be maintained without alleging and proving the holding of a license when the cause of action arose. A violation of this article is a misdemeanor. Any sum improperly received by a nonlicensed person may be recovered by any person aggrieved.
These provisions were designed to protect dealers in real estate from unlicensed persons who act as brokers and to protect the public from inept, inexperienced or dishonest persons who might perpetrate or aid in the perpetration of fraud upon it and to establish protective or qualifying standards to that end (Dodge v. Richmond, 5 A D 2d 593, 595). The test is whether the particular transaction is in fact a sale of an interest in real estate. The court looks to the substance rather than to the form.
Defendant Gedzelman contends that he was merely employed to seek investors in the formation of a limited partnership. In form that was true, but in substance it was to secure investors *20 to purchase an interest in a limited partnership formed to purchase a specific parcel of real estate, title to which was to be taken in the name of the partnership. It was intended that these investors acquired thereby the specific interests in the real estate as set forth in the agreement in proportion to their investment. The partnership was concerned only with that particular property and was to terminate with the sale, transfer or assignment of the interest of the partnership in that property.
Incidentally there was a somewhat involved pattern in the sale by the original owners ultimately to EBA. The original contract of purchase was made in the individual name of defendant Greenberg, but apparently it was for the benefit of Continental, who in effect sold to the partnership of EBA at a higher price. It is Continental which paid the commissions in question.
In my opinion the transaction whereby Gedzelman obtained the purchasers of units in EBA was the sale of such an interest in real estate as is contemplated by the statute and which required that one who sought a commission must be licensed. Defendant Gedzelman not having been so licensed could not collect the commission.
The issue then arises whether Gedzelman, having in fact received a commission which he could not have recovered, must return it.
Subdivision 3 of section 442-e of the Beal Property Law provides for the recovery as a penalty by any person aggrieved of not less than the sum received nor more than .four times that sum. The fact that it was paid to the unlicensed person without objection would not affect the right to recovery by one aggrieved.
Defendant contends that plaintiff is not such a person. The action is brought in a representative capacity by one who owns one third of its capital stock on behalf of the corporation which made the payment. In my opinion the plaintiff is one aggrieved within the meaning of the statute. A recovery of $3,250, the amount received, will be allowed against defendant Gedzelman. No greater penalty however is warranted.
Accordingly, there will be a recovery of $250 as against defendant Greenberg on the first cause of action and a recovery of $3,250 as against defendant Gedzelman on the second cause of action. No costs to any party. Settle judgment on notice.