■ In the Matter of Mont Gardens, Inc., Respondent, v. Suffolk County Department of Health et al., Appellants.— In a proceeding under article 78 of the CPLR, to require the Suffolk County Department of Health and its Commissioner of Health to approve the issuance of a certificate of occupancy to the petitioner, the said department and its Commissioner appeal from an order of the Supreme Court, Suffolk County, entered April 14, 1964, which granted the petition in all respects. Order reversed on the law, without costs, and proceeding remitted to the Special Term for further proceedings not inconsistent herewith. No questions of fact were considered. The Special Term Justice predicated his decision upon a prior holding by another Special Term in another case (*Co-Pilot Enterprises* v. *Suffolk County Dept. of Health*, 38 Misc 2d 894). Petitioner, on this appeal, urges that such prior holding must be followed by virtue of the rule enunciated in *Israel* v. *Wood Dolson Co.* (1 N Y 2d 116). In our opinion, the rule of *Israel* does not apply to the case at bar. That rule was never intended to bind conclusively the appellate courts or courts

of co-ordinate jurisdiction, on the theory of *res judicata* or collateral estoppel, merely because: (a) in a prior unrelated action a lower court or a court of co-ordinate jurisdiction had adjudged a health department regulation unreasonable and therefore unconstitutional; and (b) none of the parties had elected to take an appeal from such an adjudication. Particularly is that so where, as here, the issue decided in such prior action involved disputable questions of scientific opinion, not questions of historical fact. Hence, this case may not be decided on the ground of *res judicata* or collateral estoppel. It must be decided on a *de novo* consideration of the merits, after a plenary hearing. Beldock, P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.