Scileppi, J.
The issue presented by this appeal is whether a person selling participating interests in a syndication (a limited partnership), formed to acquire for investment purposes title to real property and thereafter to operate and manage the property, is required to be a licensed real estate broker under article 12-A of the Real Property Law (§ 440 et seg.).
This is a derivative action instituted by a stockholder of Continental Realty Servicing Corp. to recover, inter alia, the sum of $3,250 in commissions paid by Continental to the defendant Gedzelman.
The defendant Greenberg entered into contract to purchase the Root Building in the City of Buffalo. Greenberg wished to syndicate the building and retained Continental, a licensed real estate broker, to find investors for the proposed syndication.
Continental was a closed corporation having three equal stockholders : the plaintiff, defendant Greenberg and a third party.
The total amount to be raised in the formation of the limited partnership was $215,000, and it was agreed that the partner *391 ship would pay Continental $14,000 from this sum for its services and expenses.
Continental obtained the requisite number of investors and a limited partnership was organized under the name of ‘ ‘ Boot Building Associates ”. The limited partnership paid Continental $14,000 and from this sum Continental paid defendant Gedzelman, a certified public accountant, $3,250 for obtaining participants who invested $65,000 in the limited partnership.
The plaintiff claims that the payment by" Continental to Gedzelman was a real estate broker’s commission and, since Gedzelman was not a licensed broker, the commission was improperly paid and the corporation is entitled to recover such payment (Real Property Law, §§ 442, 442-e, subd. 3).
The courts below, with one Justice dissenting (Rabin, J.), were of the opinion that Gedzelman secured customers to purchase an interest in real estate and, therefore, Continental improperly paid him a commission.
We disagree with this conclusion.
The limited partnership syndication of real property involves two separate transactions. One transaction pertains to the organization of the limited partnership by obtaining investors therein. The other involves the acquisition of the property by the limited partnership.
The compensation that was paid to Gedzelman by Continental resulted from the first transaction—viz., the procuring of investors to form the limited partnership.
An interest in a limited partnership — even a partnership that deals solely in real estate-—-is personalty, not realty (Partnership Law, § 107). The individuals who contributed to the partnership acquired no title to the real property which was eventually acquired by the partnership. They merely acquired a prorata share of the partnership profits and surplus, which is personalty (Altman v. Altman, 271 App. Div. 884, affd. 297 N. Y. 973).
It is conceded that the partnership was formed solely for the purpose of acquiring title to the Boot Building and thereafter operating it and managing it. This fact, however, does not bring the transaction at bar within the purview of article 12-A of the Real Property Law. This article is penal in nature and should be strictly construed. Its provisions are not broad enough *392 “ to cover * * * every transaction in which an interest in real estate may be part of the subject of transfer ” (Weingast v. Rialto Pastry Shop, 243 N. Y. 113,116; see, also, Dodge v. Richmond, 5 A D 2d 593; Seckendorff v. Halsey, Stuart & Co., 229 App. Div. 318; James v. Alderton Dock Yards, 225 App. Div. 675; 1934 Opns. Atty.-Gen. 226; 1931 Opns. Atty.-Gen. 175; 1930 Opns. Atty.-Gen. 181; 1929 Opns. Atty.-Gen. 184, 211; but see J. I. Kislak, Inc. v. Carol Mgt. Corp., 7 A D 2d 428).
Moreover, the Legislature has recognized the distinction between a sale in an “ interest in real estate ” arid a sale in an “interest in a real estate syndication”. The former is regulated by article 12-A of the Real Property Law and the latter is regulated by the Martin Act (General Business Law, art. 23-A, § 352 et seq.). The Martin Act charges the Attorney-General with the enforcement of its provisions including the supervision of brokers and dealers of securities. The sale of an interest in a real estate syndication has always been considered to be a sale of security within the meaning of the Martin Act (see Matter of Attorney-General v. Nassau Mgt. Co., 13 Misc 2d 616; 1931 Opns. Atty.-Gen. 175). By chapter 987 of the Laws of 1960, article 23-A of the General Business Law was amended, effective January 1, 1961, by adding section 352-e et seq., known as the “Real Estate Syndication Act”. This act reaffirmed existing authority that the sale of limited partnership interests, stocks, bonds and other securities of real estate companies are “ securities” within the purview of the Martin Act and not real estate. Thus, the transaction in the case at bar was a sale of securities which is subject to the provisions of article 23-A of the General Business Law and not a sale of an interest in real estate which is subject to the provisions of article 12-A of the Real Property Law.
■ In sum, since the transaction in this case was not within the purview of article 12-A of the Real Property Law, Continental properly paid Gedzelman the sum of $3,250. Accordingly, the judgment appealed from should be reversed and the matter should be remitted to Special Term, Supreme Court, Bings County, for the setting of attorney’s fees attributable to that portion of the judgment — from which no appeal was taken to the Appellate Division — awarding plaintiff $250 against the defendant Greenberg.
*393 Chief Judge Fuld and Judges Burke, Bergan, Keating, Breitel and Jasen concur.
Judgment reversed, with costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.