■ RICHARD P. MYER, Respondent, v. JOVA BRICK WORKS, INC., Appellant.— Appeal from an order of the Supreme Court at Special Term, entered April 15, 1971 in Sullivan County, which granted a motion by plaintiff for dismissal of the separate defense contained in paragraph "Fourth" of defendant's answer and for summary judgment. Since the court below granted summary judgment to plaintiff, "The issue confronting us is whether there are material issues of fact which exist (Stone v. Goodson, 8 N Y 2d 8, 12) or are fairly debatable (Falk v. Goodman, 7 N Y 2d 87, 91; Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404) so as to preclude the granting of summary judgment." (Steinberg v. Goodman, 27 N Y 2d 304, 308.) It is our opinion that there are no triable issues of fact presented. Respondent contends: that he was retained by appellant on September 30, 1970 to sell Jova Manufacturing Corp., a wholly owned subsidiary of appellant; that he was to receive a 5% commission based on the gross sales price; that he brought the purchaser to the bargaining table; that he aided and assisted in the negotiations that culminated in the sale of said subsidiary for $400,000; and that

he is therefore entitled to a $20,000 commission. To support his contentions he submitted an affidavit of the purchaser in which the purchaser stated: that he purchased the "entire outstanding capital stock of said corporation which represented a brick manufacturing business and all of the assets thereof"; that he paid slightly in excess of $400,000 by means of cash payments and the assumption of corporate debts and guarantees; that he first discussed the purchase of the corporation on November 28, 1970 with appellant who then arranged a meeting between himself and the officers and directors of the corporation; that said meeting was held November 30, 1970; and that he negotiated the purchase terms in part with respondent. The contract of sale provided that the buyer was not to be "obligated for the payment of any commission to Richard Myers on this purchase" except as provided. Appellant did not contend that respondent was not engaged to obtain a purchaser for Jova Manufacturing Corp.; rather, it contended: (1) that respondent did not originate the transaction in question; (2) that the sale was one of real property and that since respondent was not a licensed real estate broker he was barred from collecting a commission; and (3) that the commission owed, if any, was only $900 based on the cash payment of $18,000. On appeal, appellant contends that these were questions of fact which required a trial. It also contends that the complaint was deficient and should have been dismissed as a matter of law because it failed to allege either that respondent was licensed or that there were reasons exempting him from the requirement to be licensed. In support of its contentions it submitted an affidavit by a former director of the corporation, Mr. Cline, in which he stated: that on October 29, 1970, while attending a dinner at a hotel, he spoke with Mr. Staples, the purchaser, who brought up the subject of negotiations for the sale of the corporation and that they discussed the possibility of its purchase by "someone" although they "did not get down to any offer or counter-offer"; that in December of 1970 he called Mr. Staples and "asked him to let me know definitely whether he was seriously interested in negotiating for the purchase of the plant" and that he repiled that he was; and that he arranged Mr. Staples' appointment with the representatives of appellant. A reply affidavit by Mr. Staples was submitted by respondent. In it he stated that the aforementioned conversation took place at a social function and that he had made no "offer or counter-offer" since the conversation was of a general nature and he had no intention at that time of purchasing the company. He also reiterated that he first became interesed in purchasing the company by respondent on November 27, 1970, that it was through respondent that he negotiated with appellant and that he did not know of any arrangement for him to meet with appellant's representatives made by Mr. Cline. The first issue to be resolved is whether section 442-d of the Real Property Law bars respondent from collecting a commission assuming he originated the sale. Section 442-d, which is penal in nature and should be strictly construed (*Reiter* v. *Greenberg*, 21 N Y 2d 388, 391), provides that: "No person, copartnership or corporation shall bring or maintain an action in any court of this state for the recovery of compensation for services rendered, in any place in which this article is applicable, in the buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose." The sale here was of an entire business and, for such a sale, no real estate license is usually required. It is required, however, when real estate is the dominant feature of the sale; not when a transfer of realty is only an incident in the selling of a business.

(*Weingast* v. *Rialto Pastry Shop*, 243 N. Y. 113; *J. I. Kislak, Inc.* v. *Carol Mgt. Corp.*, 7 A D 2d 428; *Dodge* v. *Richmond*, 5 A D 2d 593; see, also, *Reiter* v. *Greenberg*, *supra*.) Here the papers and proof submitted sufficiently established that the sale was of a business and that the real estate, which passed by reason of the sale of the entire stock of the company, was not the dominant feature of the sale (compare *J. I. Kislak, Inc.* v. *Carol Mgt. Corp.*, *supra*, where a sale of all the common stock of a real estate corporation took place). Therefore, the striking of paragraph "Fourth" of the answer, which alleged that no commission was payable on account of section 442-d, was proper. Further, where the sale is one which is not the sale of realty within the meaning of section 442-d it need not be alleged in the complaint that the sale was "exempted" from the requirements of the section. Only when there is a real estate transaction must a broker plead and prove he is licensed (see *J. I. Kislak, Inc.* v. *Carol Mgt. Corp.*, *supra*, p. 431). If the sale is not one of realty the section is not applicable and, therefore, the section need not be pleaded. The next question presented on appeal is whether there was a triable issue of fact as to whether respondent originated the sale of the corporation. Special Term, after analyzing all of the proof presented, concluded that respondent alone was the one responsible for the sale. We agree. The affidavits of the purchaser, the provision in the corporate minutes, the provision in the agreement of sale which refers to respondent's commission and even the affidavit of Mr. Cline support this conclusion. This latter affidavit merely states that Mr. Cline first called Mr. Staples in December — and the sale was consummated on December 15 — to inquire if he was interested in purchasing the company. This was two and one-half months after respondent had been retained and subsequent to Mr. Staples' meeting, pursuant to respondent's arrangement, with appellant's representatives on November 30. The conversation at the social gathering in October certainly cannot be said to have been the time at which the purchase originated. The last question concerns the amount of respondent's commission. It was agreed between the parties that respondent's commission was to be 5% of the gross sale price of Jova Manufacturing Corp. The proof establishes that this amount was $400,000. Order affirmed, with costs. Herlihy, P. J., Reynolds and Greenblott, JJ., concur. Cooke and Simons, JJ., dissent and vote to reverse and deny plaintiff's motion for summary judgment in the following memorandum: The agreement with plaintiff, approved by the defendant's board of directors, called for a 5% commission to be paid to plaintiff for any purchase he "originates". The affidavit of Robert Cline, a director of defendant corporation, fairly raises issues of fact as to who "originated" the sale to the purchaser Staples. The order appealed from should be reversed and plaintiff's motion for summary judgment denied.