OPINION OF THE COURT

Per Curiam.

Order entered May 5, 1978 (Cahn, J.), insofar as appealed from, reversed, with $10 costs.
 The oral agreement for a business brokerage commission entered into by plaintiffs’ unlicensed representative in connection with the sale of defendant’s luncheonette is unenforceable under section 5-701 (subd a, par 10) of the General Obligations Law, "unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent”.
As licensed real estate brokers, plaintiffs contend that the exclusion of duly licensed real estate brokers from the requirements of the statute should be extended to include the oral agreement of their representative.
Real estate broker’s licensing regulations (Real Property Law, art 12-A) were enacted to protect dealers in real estate from unlicensed persons acting as brokers, and to protect the public from inept, inexperienced or dishonest persons who might perpetrate or aid in the perpetration of frauds upon it, and to establish protective or qualifying standards to that end. (See Dodge v Richmond, 5 AD2d 593; Reiter v Greenberg, 27 Misc 2d 18, affd 18 AD2d 1093.)
An employer may not recover in an action brought for a brokerage commission if the employee, acting as broker, is an unlicensed salesperson, otherwise the statute could not be given practical effect, and the obvious purpose of the Legisla *297 ture would be frustrated (Real Property Law, § 442; Meyers v Suffin, 203 NYS 103; 6 NY Jur, Brokers, § 98).
Plaintiffs, being unable to recover commissions for services performed by their unlicensed salesperson, cannot enforce an oral agreement by the same salesperson under the licensed broker’s exemption from the Statute of Frauds. The cause of action in quantum meruit must also fail. The requirement of a writing for compensation of a business broker cannot be avoided by an action in quantum meruit. (Cohon & Co. v Russell, 23 NY2d 569.)
Plaintiffs were required to rebut defendants’ prima facie showing that their salesperson was unlicensed with evidentiary facts sufficient to raise a genuine issue to be resolved at a trial. (CPLR 3212, subd [b]; Five Boro Elec. Contrs. Assn. v City of New York, 37 AD2d 807, affd 33 NY2d 676.) Upon their failure to come forward with such proof, the court should have determined as a matter of law that plaintiffs were barred from recovering a brokerage commission based upon an oral agreement entered into by their unlicensed representative, and from a recovery in quantum meruit.
Concur: Dudley, P. J., Riccobono and Asch, JJ.