OPINION OF THE COURT
Millard L. Midonick, S.
Petitioner, the specific legatee, requests a construction of subdivision h of paragraph fourth of decedent’s last will and testament, which reads as follows: "h. To Norma Schepps of San Francisco, providing she survives me, I give her back all *361 the wonderful things, including American silver candlesticks, which she has kindly given to me in my lifetime which may still be in my possession at the time of my death, plus all monies held by me in California banks and all American securities.” The question which has arisen as a result of this legacy is whether decedent’s partnership interest in a law firm is included within the term "American securities”. Respondent, the residuary legatee, and not Norma Schepps, contends that it is not included but is distributable to him pursuant to the residuary clause, paragraph fifth.
The law is well settled that the intent of a testator must be determined from the entire instrument and not just from a single paragraph (Matter of Jones, 38 NY2d 189; Matter of Fabbri, 2 NY2d 236). In order to determine the intent, the definition of the word securities first must be ascertained.
The undisputed facts are as follows: decedent was a knowledgeable and experienced attorney whose practice was primarily related to trusts and estates. His will was a holographic one which was established in Italy. All of the bequests in his preresiduary clause, paragraph third, were specific. The 17 bequests therein, including the above, were generally gifts of multiple items.
The legatee above, Norma Schepps, is an aunt of decedent but not a distributee. None of the other preresiduary legatees are relatives of decedent. Similarly, the residuary legatee, respondent herein, is a friend but not a relative. The only distributee, decedent’s mother, was a contingent residuary legatee who would have taken only after decedent’s sister, who in turn would take after respondent. Neither of these persons has any present or future interest since respondent survived decedent.
Neither the court nor the parties have been able to discover a case in which the issue herein, whether a general partnership interest in a law firm is a security, was decided. The term general partnership interest must be used because of the effect of and distinction given to the term limited partnership interest (Hirsch v du Pont, 396 F Supp 1214, affd 553 F2d 750; cf. Reiter v Greenberg, 21 NY2d 388). In the Hirsch case (supra) a limited interest in a brokerage firm was included within the term security while a general partnership interest in the same firm was not included. There is no dispute that the partnership interest herein was not a limited one.
The word security at one time generally referred to a *362 written instrument for the payment of money or as evidence of a debt, which was "more than a mere promise of the debtor of a general liability on his part, but having as collateral to it a pledge of property or some additional obligation.” (54 NY Jur, Securities Acts & Civil Frauds, § 5, p 113; 60 NY Jur, Transfers of Securities, § 1.) Through misuse the term security acquired a more liberal and less restrictive definition, to wit: "It is now generally used to refer to instruments for the payment of money, or evidencing title or equity, with or without some collateral obligation, and which are commonly dealt in for the purpose of financing and investment.” (Matter of Waldstein, 160 Misc 763, 766-767.)
As a result of this more liberal approach, petitioner contends that the general partnership interest is a "security”. Nevertheless, even under the more liberal definition the term security refers to an investment which encompasses a passive participation by the holder of the security while a general partnership interest denotes an active interest (Hirsch v du Pont, supra; see Partnership Law, § 10). Even where the term security has been expanded to include a savings bank passbook (Old Colony Trust Co. v Hale, 302 Mass 68), oil and gas royalties and mineral deeds (Trustees of Prot. Episcopal Church v Equitable Trust Co., 26 Del Ch 427) or other items (Ann., 27 ALR3d 1386), the interest involved is a passive one rather than an active one. Consequently, the term "security” cannot be read to include the interest in a law partnership.
The intent of the testator which must be derived from the whole instrument indicates that the legacies were well thought out and very specific. If decedent had intended that his interest in the law partnership be distributable to Norma Schepps he would have so indicated expressly. Therefore, even assuming that the definition of the term securities could encompass such an interest, the intent of the testator was that that interest would come within the residuary legacy and not within the preresiduary legacy in question.
Accordingly, the application is granted and the will construed as indicated above.