■ STEPHEN HERSON, Individually and on Behalf of FLUSHING THAMES REALTY Co., et al., Appellants-Respondents, v TROON MANAGEMENT, INC., et al., Respondents-Appellants. [872 NYS2d 84]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 19, 2008, which denied plaintiff's motion for summary judgment and defendants' cross motion for sanctions, unanimously affirmed, with costs.

Defendant Noel Levine is the general partner under four of the five subject limited partnership agreements. Defendant Troon Management, Inc., Levine's subchapter S corporation, is the general partner under the remaining agreement. The first, second, third and ninth causes of action are based on the premise that Levine and Troon have violated Real Property Law § 440-a by leasing the partnerships' properties and collecting rents therefrom without being licensed as brokers. The statute is inapplicable where the collection of rent is incidental to responsibilities which fall outside the scope or brokerage services (*cf. Eaton Assoc. v Highland Broadcasting Corp.*, 81 AD2d 603 [1981]). There is a triable issue of fact as to whether the collection of rent was a mere incident of the various real estate management services rendered by Levine and Troon. Moreover, Levine's testimony that he negotiated the leases in his individual capacity, rather than through Troon, sufficiently raises a triable issue of fact as to whether he was acting as a broker in those instances.

The fourth through eighth causes of action are based upon alleged overcharges of management fees under the agreements which do not include Troon as a general partner. Paragraph 12.5 (b) of each relevant partnership agreement provides that the fees charged for management services by affiliates such as Troon "shall be reasonable, and shall be no higher than those

customarily charged for such services in the same geographical location by persons who are dealing at arm's length and have no affiliation with the Partnership." Summary judgment was properly denied with respect to these claims inasmuch as the record contains no proof of the said customary charges. With respect to the tenth and eleventh causes of action, the motion court properly denied summary judgment in light of the fact that the Flushing Thames Realty Co. Agreement vests Levine, the general partner, with the discretion to set aside reserves in amounts he deems appropriate.

The cross motion was properly denied because plaintiff's conduct was not frivolous within the meaning of 22 NYCRR 130-1.1 (c). Concur—Lippman, P.J., Mazzarelli, Sweeny, De-Grasse and Freedman, JJ.