Weston, J.E
(dissenting and voting to affirm the order in the following memorandum). While I agree that there is no requirement that a contract to pay a licensed real estate broker must be written, the majority incorrectly assumes that plaintiff is licensed and thus exempt from the requirement that a contract to pay must be in writing (see General Obligations Law § 5-701 [a] [10]). There is nothing in the record to support this assumption. Accordingly, I vote to affirm the order of the Civil Court, which granted defendant’s motion for summary judgment.
It is incumbent on a party moving for summary judgment to *41 tender sufficient admissible evidence to eliminate any material issues of fact from the case (Klein v City of New York, 89 NY2d 833, 835 [1996]; Lesocovich v 180 Madison Ave. Corp., 81 NY2d 982 [1993]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Once the movant’s entitlement is demonstrated, “the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action” (Zuckerman v City of New York, 49 NY2d 557, 560 [1980]).
Here, defendant demonstrated its prima facie entitlement to judgment, shifting the burden to plaintiff to demonstrate the existence of a triable issue of fact. Defendant’s moving papers showed that plaintiff had not participated in locating the office space. Plaintiff did not refute defendant’s factual assertion that it had not participated in locating the space but, rather, argued that it was entitled to a commission pursuant to the parties’ alleged oral exclusive brokerage agreement. This was insufficient to satisfy plaintiffs burden.
In the absence of a written contract, plaintiff bore the burden of establishing, first, that there was either an expressed or implied oral exclusive tenant representation agreement, and second, that its representative was a licensed real estate broker exempt from General Obligations Law § 5-701 (a) (10). Without such proof, the Civil Court properly awarded summary judgment to defendant.
Plaintiff correctly asserts that an oral brokerage agreement is enforceable. General Obligations Law § 5-701 (a) (10) generally codifies the applicable statute of frauds. It establishes that a contract to pay for services rendered in leasing real property must be in writing. However, the same section specifically exempts duly licensed real estate brokers from its coverage, stating, “This provision shall. . . not apply to a contract to pay ... a duly licensed real estate broker” (see also Strategic Alliance Partners, LLC v Dress Barn, Inc., 386 F Supp 2d 312, 316 [SD NY 2005]). In order to defeat the motion for summary judgment, plaintiff was thus required to demonstrate not only that the parties had an exclusive agreement but also that plaintiff was a licensed real estate broker.
Real Property Law § 442-d provides as follows:
“No person . . . [or] limited liability company . . . shall bring or maintain an action in any court of this state for the recovery of compensation for services rendered, in any place in which this article is applicable, in the buying, selling, exchanging, leas *42 ing, renting or negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose.”
The statute is strictly construed and compliance is mandatory (see Mavco Realty Corp. v M. Slayton Real Estate, Inc., 12 AD3d 575 [2004]). The law was designed “to assure the public of services competently, skillfully and ethically rendered by real estate brokers” (M.K.D. Capital Corp. v Miller, 170 Misc 2d 1002, 1004 [Sup Ct, NY County 1996]) and “to protect the public from inept, inexperienced persons” (Eaton Assoc. v Highland Broadcasting Corp., 81 AD2d 603, 604 [1981]).
Even if plaintiff is licensed, Eluto, as the person who allegedly handled the transaction between the parties, must be shown to be a licensed real estate broker or salesperson. “An employer may not recover in an action brought for a brokerage commission if the employee, acting as broker, is an unlicensed salesperson, otherwise the statute could not be given practical effect, and the obvious purpose of the Legislature would be frustrated” (Small v Marchese, 98 Misc 2d 295, 296-297 [App Term, 1st Dept 1978]).
Plaintiffs assertion that 85% of all office leasing transactions in Manhattan involve tenant representation brokers is insufficient to establish otherwise. Plaintiffs failure to offer proof that its representative was duly licensed as required by statute was fatal to its attempt to raise a question of fact.
Golia and Steinhardt, JJ., concur; Weston, J.P, dissents in a separate memorandum.