■ HAROLD E. GARBER et al., Respondents, v TROY D. STEVENS, JR., Individually and Doing Business as DEVELOPMENT Co., et al., Appellants. [941 NYS2d 127]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered August 18, 2011, which, to the extent appealed from as limited by the briefs, granted plaintiffs Harold E. Garber, Ronald Seiden, Seymour C. Nash, Robert C. Magoon, Gordon Miller, Stephen M. Kulvin, Steven Zaron and Lee Dufner's motion for partial summary judgment as to their breach of fiduciary duty, breach of contract and violation of Real Property Law article 12-A causes of action, and denied defendants Troy D. Stevens, Jr., individually and Doing Business as Development Co., Kinpit Realty Corp., Kinpit Realty, Inc., Kinpit Realty Co., Kinpit Management and Dawmich Industries, Inc.'s motion for summary judgment on their affirmative defenses, unanimously modified, on the law, to deny plaintiffs summary judgment on the RPL cause of action, and otherwise affirmed, without costs.

In support of summary judgment, plaintiffs submitted a fully executed Partnership Agreement, which, inter alia, precluded the general partners from: employing the credit or capital of the partnership in any other than partnership business; refinancing the property without the approval of 51% of the limited partners; and receiving compensation for services rendered to the partnership, and required any payment of proceeds to be paid to the limited partners first. It is undisputed that the general partner defendants refinanced the property six times without prior approval from plaintiffs; paid defendant Stevens proceeds from those refinancings, presumably for loans he had made for property renovations; did not pay any of the loan monies to the limited partners; and paid themselves management fees for services provided to the partnership. As such, plaintiffs established prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]) on the issue of liability as related to the breach of contract and breach of fiduciary duty claims.

In response, defendants failed to raise an issue of fact precluding summary judgment (*see id.* at 324) as to those claims. Although defendants dispute whether the agreement submitted by plaintiffs was the final version, that version was the same one appended to an affidavit submitted by Stevens in a prior litigation, and the court was entitled to rely on Stevens' representation as to the document's authenticity (*Pippo v City of New York*, 43 AD3d 303, 304 [2007] ["(a) party's affidavit that contradicts (his or) her prior sworn testimony creates only a feigned issue of fact, and is insufficient to defeat a properly supported motion for summary judgment"]). Moreover, there is no evidence in the record to suggest that plaintiffs ever agreed to the alterations in the version of the agreement offered by defendants.

However, the grant of summary judgment on the Real Property Law claim, which was premised solely upon the general partner defendants' collection of rent without a broker's license (§§ 440, 440-a), was error. This Court has held that "[t]he statute is inapplicable where the collection of rent is incidental to responsibilities which fall outside the scope [of] brokerage services" (*Herson v Troon Mgt., Inc.*, 58 AD3d 403, 403 [2009]). Here, triable issues of fact exist as to whether the collection of rent was a mere incident of the various real estate management services allegedly rendered by defendants. Although plaintiffs contend that the record does not support such an assertion, we find that there is just as much support for the assertion as there is against it and, as such, summary judgment was not appropriate.

Defendants' affirmative defenses of fraud and/or unconscionability, which were not asserted in their answer or raised on a prior motion, were properly rejected (*see BMX Worldwide v Coppola N.Y.C.*, 287 AD2d 383, 384 [2001]).

Defendants' reliance on plaintiffs' silence and inaction to establish the defenses of waiver and/or equitable estoppel is misplaced (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 105-107 [2006]; *EchoStar Satellite L.L.C. v ESPN, Inc.*, 79 AD3d 614, 617 [2010]). Plaintiffs did not discover many of the acts about which they now complain until long after they entered into the agreement, in part, because of defendants' subterfuge and violation of that agreement. Moreover, defendants' last alleged violation occurred in 2005, the same year the complaint was filed.

Finally, laches is unavailable as a defense to the claims of breach of contract, breach of fiduciary duty and for the return of management fees, which, although brought together as a de-

rivative action, are not equitable in nature (*see e.g. Cadlerock, L.L.C. v Renner*, 72 AD3d 454 [2010]; *see also Pfeiffer v Berke*, 4 Misc 2d 918 [Sup Ct, Kings County 1953]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Friedman, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ.