■ ELLEN ZEDECK et al., Appellants, v DERFNER MANAGEMENT INC. et al., Respondents, et al., Defendants. [965 NYS2d 411]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 14, 2013, which denied plaintiffs' motion for partial summary judgment and granted defendants-respondents' cross motion for partial summary judgment, unanimously modified, on the law, to deny the cross motion, and otherwise affirmed, without costs.

Regardless of whether the motion court erred by invoking law of the case, res judicata and collateral estoppel, we are not bound by those doctrines on this appeal (*see e.g. People v Evans*, 94 NY2d 499, 503 n 3 [2000]; *Matter of Mont Gardens v Suffolk County Dept. of Health*, 24 AD2d 599, 599-600 [2d Dept 1965]). Accordingly, we reach the merits of whether defendant Derfner Management Inc. (DMI) was required to have a real estate broker's license pursuant to Real Property Law § 440-a.

It is undisputed that, in exchange for a 7% commission, DMI negotiated leases and collected rents on behalf of the corporate plaintiffs. Hence, it would appear to fall under the definition of "real estate broker" in Real Property Law § 440 (1). However, it has been held that Real Property Law article 12-A, which includes sections 440 and 440-a, is "not broad enough 'to cover . . . every transaction in which an interest in real estate may be part of the' " transaction (*Reiter v Greenberg*, 21 NY2d 388, 391-392 [1968], quoting *Weingast v Rialto Pastry Shop.*, 243 NY 113, 116 [1926]). More recently, we have held that "[t]he statute is inapplicable where the collection of rent is incidental to responsibilities which fall outside the scope [of] brokerage services" (*Herson v Troon Mgt., Inc.*, 58 AD3d 403, 403 [1st Dept 2009]; *see Garber v Stevens*, 94 AD3d 426, 427 [1st Dept 2012]).

The issue of whether a party's services fall under Real Property Law article 12-A is one of fact (*see Dodge v Richmond*, 5 AD2d 593, 596 [1st Dept 1958]; *see also Garber*, 94 AD3d at 427; *Herson*, 58 AD3d at 403). Thus, the court correctly denied plaintiffs' motion for partial summary judgment. However, it should have also denied defendants-respondents' cross motion for partial summary judgment, and we disagree with the contention that the evidence currently in the record is sufficient to allow us to decide, as a matter of law, whether DMI's negotiation of leases and collection of rents were incidental to the non-Real Property Law services that it provided. Concur—Andrias, J.P., Saxe, Freedman and Román, JJ.