■ Commercial Tenant Services, Inc., Respondent, v Northern Leasing Systems, Inc., Appellant. [17 NYS3d 394]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 10, 2014, in favor of plaintiff, unanimously modified, on the law and the facts, to allow the period of plaintiff's entitlement to fees to run only through June 23 (instead of December 31) 2013, and otherwise affirmed, without costs.

Contrary to the motion court's finding, defendant did not raise certain arguments for the first time in reply. However, those arguments are unavailing on the merits.

First, defendant contends that the parties' contract violates Real Property Law §§ 440 (1) and 440-a. However, article 12-A of the Real Property Law, which includes sections 440 and 440-a, "should be strictly construed" (*Reiter v Greenberg*, 21 NY2d 388, 391 [1968]). Strictly construing section 440 (1), we find that offering or attempting to negotiate *a rental of an estate or interest in real estate* does not include negotiating escalation adjustments or settling disagreements with a landlord about overcharges. Plaintiff's services, which primarily consisted of finding overcharges, "fall outside the scope of real estate brokerage services" (*Eaton Assoc. v Highland Broadcasting Corp.*, 81 AD2d 603, 604 [2d Dept 1981]; *see also Kreuter v Tsucalas*, 287 AD2d 50, 51, 56 [2d Dept 2001]).

Second, defendant contends that the exclusivity provision in the parties' contract was impossible of performance due to (1) a stipulation in a *Yellowstone* action between defendant and its former landlord and (2) defendant's contract with its real estate broker. However, impossibility has "been applied narrowly" (*Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902 [1987]), and the case at bar does not satisfy the requirements of this doctrine (*see id.*).

Due to the exclusivity provision, plaintiff did not have to prove that it was the procuring cause of the porters' wage savings, i.e., that defendant did not know about the overcharge before plaintiff told defendant about it (*see e.g. Sioni & Partners, LLC v Vaak Props., LLC*, 93 AD3d 414, 417 [1st Dept 2012]).

Defendant contends that the IAS court's decision on plaintiff's motion for summary judgment on damages conflicts with its decision on plaintiff's earlier cross motion for summary judgment on liability and, therefore, violates law of the case.

However, law of the case does not apply when a court alters its own ruling, as opposed to the ruling of "another court of coordinate jurisdiction" (*Kleinser v Astarita*, 61 AD3d 597, 598 [1st Dept 2009]).

The parties' contract states, "Where a Refund to or on behalf of [defendant] is obtained or achieved for charges that have previously been billed or are billed for the current lease and fiscal years for which [plaintiff] conducts its review, and through the year in which the date of final settlement with [defendant]'s landlord [sic], and for two . . . years subsequent to such settlement, [defendant] agrees to pay [plaintiff] thirty-two percent . . . of such Refund." The final settlement between defendant and its landlord took place on June 23, 2011 (not January 21, 2011 as found by the motion court).

Relying on "for two . . . years subsequent to such settlement," defendant contends that plaintiff is not entitled to fees after June 23, 2013. Relying on "through the year in which the date of the final settlement," and reading "for two . . . years subsequent to such settlement" as "for two years subsequent to such year," plaintiff contends that it is entitled to fees through December 31, 2013.

The contract is internally inconsistent with respect to the duration of plaintiff's fees. Since the contract was drafted by plaintiff (it takes the form of a letter from plaintiff to defendant), we construe the ambiguity in defendant's favor (*see e.g. 151 W. Assoc. v Printsiples Fabric Corp.*, 61 NY2d 732, 734 [1984]) and find that plaintiff is entitled to fees only through June 23, 2013, not December 31, 2013.

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.