People v Dollison (2022 NY Slip Op 50911(U))

[*1]

People v Dollison (Michael)

2022 NY Slip Op 50911(U) [76 Misc 3d 132(A)]

Decided on September 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1098 Q CR

The People of the State of New York,
Respondent,
against
Michael Dollison, Appellant. 

Appellate Advocates (Emily T. Lurie of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and Aaron Spurlock of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Karen Gopee, J.), rendered May 14, 2019. The judgment convicted defendant, upon a jury
verdict, of petit larceny and criminal possession of stolen property in the fifth degree, and
imposed sentence. The appeal brings up for review so much of an order of that court (Toni M.
Cimino, J.) dated October 11, 2018 as, upon reargument, adhered to a prior determination of that
court (Toni M. Cimino, J.) in an order dated May 24, 2018 denying defendant's motion to dismiss
the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is reversed, on the law, and, upon reargument,
defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is
granted.
Defendant was charged with petit larceny (Penal Law § 155.25) and criminal
possession of stolen property in the fifth degree (Penal Law § 165.40), and, after a jury trial,
defendant was convicted of both counts and sentence was imposed.
On appeal, defendant contests, among other things, an order of the Criminal Court (Toni M.
Cimino, J.) dated October 11, 2018, which, upon reargument, adhered to that court's May 24,
2018 order (Toni M. Cimino, J.) denying defendant's April 9, 2018 motion to dismiss the [*2]accusatory instrument on statutory speedy trial grounds, finding that
only 84 days were chargeable to the People, which is less than the 90 days allotted to them in this
matter (see CPL 30.30 [1] [b]). Of particular relevance here is the period from January
12, 2018 through April 9, 2018. On January 12, 2018, the People answered not ready for trial.
The Criminal Court (Toni M. Cimino, J.) adjourned the trial to February 20, 2018 and required
the People, who had previously declared readiness, to file and serve a certificate of readiness
(CoR) in order to stop the statutory speedy trial clock. On February 20, 2018, the prosecutor
answered not ready and requested a one-week adjournment. The trial was adjourned to April 11,
2018, and the court (Jerry M. Iannece, J.) told the prosecutor that, if the People were not ready on
that date, "I will charge you with all time until you are ready." The April 11 trial date was
adjourned because defendant filed his initial speedy trial motion on April 9, 2018. In denying the
motion and finding that the People were chargeable with a total of 84 days, the court charged the
entire 39-day period of January 12-February 20, 2018, but only charged the 7 days requested by
the People for the period of February 20-April 9, 2018, rather than charging the full time through
April 9, 2018.
On appeal, defendant argues, among other things, that, because the People did not file a CoR
in accordance with the Criminal Court's January 12, 2018 directive, all time from January 12 to
April 9, 2018 should have been charged. The People respond that, because defendant did not
mention on February 20, 2018 that the People were still required to file a CoR when the
prosecutor answered not ready and requested a one-week adjournment, and the court did not
refuse the People's request, the People were no longer bound by the court's January 12, 2018
order. We disagree.
The People were given a clear, unequivocal, and reasonable order on January 12, 2018 to
provide a CoR in order to stop the statutory speedy trial clock from running. The prosecutor
failed to abide by this requirement, and neither the court's apparent unawareness thereof on
February 20, 2018 nor defendant's admittedly involved participation that day in setting the next
adjournment date on April 11, 2018 absolved the People of this CoR obligation. Consequently,
all the time from February 20 to April 9, 2018 should have been charged, not just the 7 days the
People requested. Therefore, an additional 41 days (not including the 7 days already accounted
for in the court's total) must be added to the People's chargeable time, which results in the People
being charged with a total of 125 days (84 + 41). As there were more than 90 chargeable days in
this case, dismissal of the accusatory instrument is mandated. Defendant's other appellate
contentions are rendered academic, and we decline to address them.
Accordingly, the judgment of conviction is reversed and, upon reargument, defendant's
motion to dismiss the accusatory instrument on statutory speedy trial grounds is granted.
WESTON, J.P., and TOUSSAINT, J., concur.
GOLIA, J., dissents and votes to affirm the judgment of conviction in the following
memorandum:
After having previously announced their readiness, the People declared in court on January
12, 2018 that they were not ready to proceed to trial and requested a one-week adjournment to
January 19th. The Criminal Court (Toni M. Cimino, J.), explaining that "the People answered not
ready on the last occasion and also requested a very short adjournment," upon granting the
People's request for an adjournment, stated that the statutory speedy trial clock [*3]would run until the People filed a Certificate of Readiness (CoR) to
stop it. On the next appearance date, February 20, 2018, the People, who had not filed a CoR in
the interim, again announced their nonreadiness to proceed and requested a one-week
adjournment. The court (Jerry M. Iannece, J.) adjourned the matter to April 11, 2018 but directed
the People "to be ready [for trial] on this one. You have to be ready. . . . You are not ready today.
Next time I will charge you with all time until you are ready" (emphasis added). On
April 9, 2018, defendant made his initial speedy trial motion which was denied by the court
(Toni M. Cimino, J.) by order dated May 24, 2018. The court charged the People with a total of
84 days, which included the entirety of the January 12-February 20, 2018 adjournment period (39
days) and only the 7 days requested by the People for the time period between February 20 and
the April 9, 2018 motion. Upon reargument, the May 24, 2018 determination was adhered to by
order (Toni M. Cimino, J.) dated October 11, 2018.
Defendant first argues, in effect, that the court's January 12, 2018 order directing the People
to file a CoR to stop the speedy trial clock was the law of the case and therefore governed the
February 20-April 9, 2018 period. Defendant submits that, since the People had not filed a CoR,
the court improvidently exercised its discretion by charging only seven days of this adjournment
period instead of enforcing its own order by charging the entirety thereof against the People,
which extra days cause the People to exceed their statutory speedy trial time.
Generally "law of the case does not apply when a court alters its own ruling, as opposed to
the ruling of another court of coordinate jurisdiction" (Commercial Tenant Servs., Inc. v Northern Leasing Sys., Inc., 131
AD3d 895, 897 [2015] [internal quotation marks omitted]). Consequently, it was not an
improvident exercise of discretion for Judge Cimino, who issued both the CoR requirement on
January 12, 2018 and the October 11, 2018 order adhering to her prior order denying defendant's
statutory speedy trial motion, to decline to enforce her own CoR ruling and instead charge only
the seven-day adjournment that the People requested on February 20, 2018. Indeed, Judge
Cimino's decision denying defendant's speedy trial motion was appropriate because, as Judge
Cimino found, "the People may have reasonably relied upon" Judge Iannece's February 20, 2018
statement.
Contrary to defendant's other statutory speedy trial argument, the People's explanation that
they were not ready to proceed to trial at the January 12 and February 20, 2018 court appearances
because they were attempting to procure surveillance camera footage did not, without more,
render their previous statements of readiness per se illusory. "There is nothing in CPL 30.30 to
preclude the People from declaring their present readiness, but still gathering additional evidence
to strengthen their case. . . . Here, the People could have tried this case on the basis of eyewitness
testimony alone, and the wisdom of doing so is irrelevant for speedy trial purposes" (People v Wright, 50 AD3d 429,
430 [2008]; see People v Polanco,
54 Misc 3d 141[A], 2017 NY Slip Op 50188[U], *1 [App Term, 1st Dept 2017] ["The
People could legitimately declare their readiness while gathering additional evidence to
strengthen their case"]).
I also find defendant's final point on appeal, that the verdict was against the weight of the
evidence, to be without merit.
Accordingly, I vote to affirm the judgment of conviction.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 2, 2022