Victor RPM First, LLC v Charles Condominiums, LLC (2023 NY Slip Op 03445)

Victor RPM First, LLC v Charles Condominiums, LLC

2023 NY Slip Op 03445

Decided on June 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2023

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 653265/18 Appeal No. 558 Case No. 2022-04206 

[*1]Victor RPM First, LLC, Plaintiff-Appellant,
v
The Charles Condominiums, LLC, Defendant-Respondent.

L'Abbate, Balkan, Colavita & Contini, L.L.P., Melville (Keith J. Stevens of counsel), for appellant.
Seyfarth Shaw LLP, New York (Jeremy A. Cohen of counsel), for respondent.

Order, Supreme Court, New York County (Margaret Chan, J.), entered on or about September 9, 2022, which, to the extent appealed from, granted defendant's motion for summary judgment insofar as it sought a declaration that defendant had a contractual right to make senior payments before calculating and paying plaintiff's back-end fee, unanimously affirmed, with costs.
Defendant's submissions of, among other things, the agreement governing the parties' construction project (Development Agreement I) satisfied its prima facie burden on the issue of whether payment to plaintiff of a back-end fee is subordinated to the other payments enumerated in Development Agreement I. According to Development Agreement I, payment of the back-end fee "is expressly junior and subordinated" to other payments, including "all [s]enior [p]ayments," thus mandating that plaintiff's back-end fee would not be calculated and paid until after senior payments were accounted for.
In opposition, plaintiff submitted a different version of the parties' agreement (Development Agreement II), asserting that Development Agreement II, which set forth provisions that would increase the amount of plaintiff's back-end fee, was actually the operative agreement. This submission, however, failed to raise an issue of fact as to which agreement governed the parties' project. Plaintiff attached Development Agreement I to both the complaint and the amended complaint, each of which was verified by plaintiff's vice president, Ran Korolik. Plaintiff also argued three motions in reliance on Development Agreement I during the first four years of this litigation, never suggesting on any of those motions that Development Agreement I was not the governing agreement. Plaintiff's reliance on Development Agreement I in its pleadings and its papers constitutes a judicial admission that binds it, regardless of belatedly submitted contradictory statements or evidence (see 354 Chauncey Realty, LLC v Brownstone Agency, Inc., 213 AD3d 544, 545 [1st Dept 2023]; Performance Comercial Importadora E Exportadora Ltda v Sewa Intl. Fashions Pvt. Ltd., 79 AD3d 673, 674 [1st Dept 2010]). The motion court was therefore entitled to assume that Development Agreement I was the true agreement that bound the parties (see Garber v Stevens, 94 AD3d 426, 427 [1st Dept 2012]).
Korolik's affidavit in opposition to defendant's summary judgment motion, in which he asserted that Development Agreement II was the governing fully executed agreement, contradicts his prior sworn testimony as to the validity of Development Agreement I and therefore creates only a feigned issue of fact insufficient to defeat summary judgment (id.). Furthermore, although plaintiff's briefs on appeal characterize its repeated reliance on Development Agreement I as a "mistake" by counsel, plaintiff has submitted no affidavits to explain the ostensible error.
Given its admission that Development Agreement I was the agreement governing this dispute, plaintiff's [*2]submissions did not necessitate discovery as to which version of the agreement governed the project (see id.). Nor did plaintiff's submissions render defendant's motion premature.
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2023